IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

HARVEY PATRICK SHORT.

    Plaintiff,

v.                                                       CIVIL ACTION NO. 2:09CV119

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

O R D E R/OPINION

    Plaintiff, Harvey Patrick Short, appearing *pro se*, has twice moved the Court to appoint counsel pursuant to Title 28 U.S.C. 1915(e) to represent him the instant Social Security benefits case [Docket Entries 12 and 13]. Plaintiff has been granted IFP status by the Court. Although appointments of counsel are sometimes made in cases such as Plaintiff's, see, e.g., Greene v. Commissioner, 194 Fed.Appx.415 (9th Cir. 2006), they are not the norm. See, e.g., Thompson v. Commissioner, 166 Fed. Appx. 686 (4th Cir. 2006)("We also deny Thompson's motion for appointment of counsel"); Mendoza v. Social Security Commissioner, 92 Fed. Appx. 3 (D.C.Cir. 2004)("Nor did the district court abuse its discretion by failing to appoint counsel pursuant to 28 U.S.C. 1915. The appointment of counsel would not have affected the outcome given the record before the agency.")

    This is not to say that the decision is made flippantly. See Machadio v. Apfel, 276 F.3d 103 (2nd Cir. 2002)(In determining whether to appoint counsel for an indigent litigant, district court should first consider whether the indigent's position seems likely to be of substance, and then assess the litigant's competence to proceed *pro se*, the complexity of the issues, and additionally any special reason in that case why appointment of counsel would be more likely to lead to a just determination).

From Plaintiff's Complaint and the attachments to his Motion, it appears he received a fully favorable decision on his July 26, 2005, application for supplemental security income. He was found by ALJ James P. Toschi to have been under a disability since the application date. At the conclusion of the decision, however, the ALJ notes:

> The claimant has a history of multiple incarcerations and as of the date of the hearing continued to be incarcerated. Therefore, the component of the social Security Administration responsible for authorizing supplemental security income will advise the claimant regarding the nondisability requirements for these payments, and if eligible, the amount and the months for which payment will be made.

Significantly, the finding of Defendant was disabled was based in large part, if not totally, on the severity of his schizophrenia meeting the Listings. He therefore was found to have a severe, disabling mental impairment. Plaintiff was represented by counsel in these underlying proceedings.

The undersigned United States Magistrate Judge does not find that Plaintiff is appealing the actual disability determination by the ALJ. Instead, he is appealing the decision of SSA that he would not receive payments of back benefits from July 26, 2005, up to the date of the granting of benefits on February 23, 2007, because he was in jail during that time. Plaintiff states in his Complaint that he filed an appeal to the Appeals Council, arguing that he was entitled to the payment of back benefits, because he was a pretrial detainee, and not a convicted person from July 26, 2005, until March 31, 2008. He, or someone in his behalf, then argues quite adeptly, that "only convicted recipients of disability benefits cannot receive them once 'convicted' by a court of law and held in jail, prison, or an institution. See Title 42 U.S.C. 402(x)" He therefore argues that the regulation did not apply to him until he was convicted in March 2008, and he was therefore wrongly denied payment of back benefits from September 14, 2005, until that date. Plaintiff further requests benefits be issued him even while confined as a convicted person, because he is participating in court approved rehabilitation programs while in prison, working toward becoming self-sufficient in society.

The Court does not recite Plaintiff's arguments to consider the merits of the claim, but instead solely to resolve the question of the appropriateness of appointment of counsel at this point. Considering the Machadio factors, Plaintiff's position appears to be of substance and does not appear frivolous, but the issue appears to be entirely a legal one, not depending on facts, but on the law and its interpretation. Despite Plaintiff's mental impairment, he more than adequately argued his case to the Appeals Council and in his Complaint. Further, the issue does not appear complex.

Given the development of the case thus far, the Court will apply the reasoning set forth in a Fifth Circuit, social security case:

> Generally, "[c]ounsel will be appointed in civil cases only in exceptional circumstances." Richardson v. Henry, 902 F.2d 414 (5th Cir. 1990). Because of the limited nature of this court's review and [the claimant's] ability to prepare *pro se* pleadings, we find [he] is capable of adequately presenting [his] appeal. H[is] circumstances are not exceptional and [his] motion for appointment of counsel is denied.

Gore v. Barnhart, 2002 WL 31688907 (5th Cir. Oct. 29, 2002)(unpublished).

Upon consideration of all which, Mr. Short's Motions for Appointment of Counsel [Docket Entries 12 and 13] are **DENIED**. This Court will reconsider this decision, should the need arise after this case is further developed.

The Clerk is directed to send a copy of this Order to counsel of record and to Plaintiff, *pro se* by Certified Mail.

DATED: December 7, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE